ON REHEARING
The judge of compensation claims (JCC) who originally heard this matter certified that a transcript could not be produced and transferred the cause to another JCC for a new hearing. When the matter came to the attention of this panel, we reversed and remanded for a hearing de novo, citing to Arnold Lumber Co. v. Harris, 469 So.2d 786 (Fla. 1st DCA 1984). Now appellee moves for rehearing, showing that prior to issuance of the opinion, a new hearing was held on February 20 and a compensation order was entered on February 27, 1992.
The filing of the notice of appeal of the original order divested the lower tribunal of jurisdiction to further proceed on the merits of the claim. See Fla. W.C.R.P. 4.210(a). Absent a relinquishment of jurisdiction or a termination of the appeal, the second JCC was without jurisdiction to rehear the claim. Accordingly, the order of February 27, 1992, is void for lack of jurisdiction and is sua sponte quashed. As the second JCC had no jurisdiction to rehear the evidence on February 20, we find that he may not pro forma reenter his order after jurisdiction returns to him on remand. We do find, however, that the parties may stipulate that some or all of that evidence may be considered by the JCC in disposing of the claim on the merits after mandate issues.
REHEARING GRANTED; ORDER OF FEBRUARY 27, 1992 QUASHED FOR LACK OF JURISDICTION AND CAUSE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
JOANOS, C.J., and BOOTH and ZEHMER, JJ., concur.